UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

FILED
IN CLERKS OFFICE
U.S. ─────── COURT ED N.Y:
★ JUL 2 2 2005 ★
P.M. _____
TIME A.M. _____

STACEY LYNN ANGRISANI,

              Plaintiff,

    -against-

LONG ISLAND RAILROAD and UNITED
TRANSPORTATION UNION LOCAL,

              Defendants.
──────────────────────────────X

**OPINION & ORDER**
CV-01-8453 (SJF)(MDG)

FEUERSTEIN, J.

Stacey Lynn Angrisani (plaintiff) commenced this employment discrimination action against defendants Long Island Railroad (LIRR) and United Transportation Union Local (UTU) (collectively, defendants) alleging claims under the New York State Human Rights Law (NYSHRL), Executive Law §§ 290, *et seq.* By order dated May 25, 2005, I granted defendants' separate motions for summary judgment, which were unopposed, and dismissed plaintiff's complaint. Plaintiff now seeks to reopen her case and for leave to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's application to reopen her case is granted for the limited purpose of determining her application for leave to amend the complaint and her application for leave to amend the complaint is denied.[1]

---

[1] Plaintiff apparently sought leave to amend her complaint by letter dated August 7, 2003, which was submitted to Honorable Nina Gershon but never decided. This case was reassigned to me on October 10, 2003.

1

I.  BACKGROUND

The factual background and procedural history of this case is fully set forth in the May 25, 2005 order and will not be reiterated herein. Briefly, this action arises from the termination of plaintiff's probationary employment with defendant Long Island Railroad (LIRR), allegedly as a result of her conduct in giving false information to the medical officer regarding her work-related disability. Plaintiff's claims against defendant United Transportation Union Local (UTU) arise from its failure to file a grievance, or to otherwise take any action on her behalf, following her termination. Plaintiff commenced the instant action under the New York State Human Rights Law (NYSHRL), Executive Law §§ 290, *et seq.*, alleging claims for disability discrimination and breach of contract.

II.  DISCUSSION

Plaintiff seeks leave to amend her complaint to assert claims pursuant to 42 U.S.C. § 1983 for deprivations of her procedural and substantive due process rights and for conspiracy to deprive her of her due process rights in violation of the Fourteenth Amendment, as well as claims for tortious interference with her career.

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, leave to amend should not be granted where it is futile, or where the amended complaint would not survive a motion to dismiss. See, Vicioso v. Pisa Bros., Inc., No. 98 Civ. 2027, 1998 WL

2

355415, at * 5 (S.D.N.Y. July 1, 1998); see also Foman, 371 U.S. at 182, 83 S.Ct. 227.

### A. Due Process Rights

In order to establish a due process violation, the plaintiff must first demonstrate that he or she was deprived of a constitutionally protected property or liberty interest. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

#### 1. Property Interest

Plaintiff contends that she had a property right in her employment with the LIRR, of which she was deprived upon her termination.

State law determines whether an employee's interest in continued employment is a property interest protected by the Due Process Clause of the Fourteenth Amendment. See Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Roth, 408 U.S. at 577, 92 S.Ct. 2701. Under New York law, "a probationary employee holds his position at the will of his employer, subject only to the limitation that any discharge may not be arbitrary or capricious." Cardona v. Ward, 673 F.Supp. 120, 121 (S.D.N.Y. 1987)(citing Talamo v. Murphy, 38 N.Y.2d 637, 639, 382 N.Y.S.2d 3, 345 N.Ed.2d 546 [1976]); see also Donato v. Plainview-Old Bethpage Central School Dist., 96 F.3d 623, 629 (2d Cir. 1996)(holding that the very nature of a probationary appointment is that employment may be terminated should the employer be dissatisfied); Castro v. New York City Bd. of Educ., 777 F.Supp. 1113, 1117 (S.D.N.Y. 1990), aff'd, 923 F.2d 844 (2d Cir. 1990)(holding that a probationary employee has no property rights in her employment).

3

Since plaintiff was only a probationary employee of the LIRR at the time she was terminated, she was, at most, an "at-will" employee with no property right in her continued employment with the LIRR. "The absence of a contractual relationship beyond that of mere at-will employment is fatal to [plaintiff's] * * * Fourteenth Amendment * * * due process claim * * * because at-will employment is not a constitutionally protected property interest." Baron v. Port Auth. of New York and New Jersey, 271 F.3d 81, 88-89 (2d Cir. 2001); see also Cardona, 673 F.Supp. at 121-122 (holding that an "at-will" employee generally has no due process rights in his position and, therefore, his termination ordinarily is not a deprivation of property within the meaning of the Due Process Clause); Natalizio v. City of Middletown, 301 A.D.2d 507, 508, 754 N.Y.S.2d 24 (2d Dept. 2003)(affirming summary judgment dismissing plaintiff's substantive due process claims, *inter alia*, because plaintiff was an "at-will" employee of the City of Middletown and, thus, did not have a property interest in her continued employment). Since plaintiff did not have a protectable property interest in her probationary employment with the LIRR, any amendment to the complaint to assert a proposed section 1983 claim alleging a deprivation of a property right in violation of plaintiff's procedural and substantive due process rights would be futile.

2. Liberty Interest

Plaintiff contends that the LIRR deprived her of a liberty interest in her reputation when it terminated her. According to plaintiff, the LIRR published the reason for her termination, i.e. lying about her medical condition, to prospective employers.

Notwithstanding the lack of a property interest in a probationary position, a probationary

4

employee may establish a due process violation if he or she was dismissed under stigmatizing circumstances which imperil his or her opportunity to secure future employment. See, Pagan v. New York State Div. of Parole, No. 98 Civ. 5840, 2003 WL 22723013, at * 8 (S.D.N.Y. Nov. 18, 2003); Cohen v. Litt, 906 F.Supp. 957, 966 (S.D.N.Y. 1995). In order to establish a due process violation in this context, the alleged stigmatizing statements must be both false and made public by the defendant. See Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004).

Plaintiff's allegation, made upon information and belief, that the LIRR published the reasons for her termination to prospective employers is insufficient to satisfy the "public disclosure" requirement, as plaintiff does not allege that the stigmatizing statements were published at the time of her dismissal, or were placed in her personnel file. See, e.g. Pagan, 2003 WL 22723013, at * 8 (dismissing plaintiff's due process claim where the reason for plaintiff's termination was not published to any third parties at the time of his dismissal, and stating that the subsequent publication of stigmatizing statements does not give rise to a due process claim); cf. Donato, 96 F.3d at 631-632 (holding that the public disclosure requirement is satisfied where the stigmatizing charges are placed in the discharged employee's personnel file). Moreover, plaintiff fails to allege that the reasons for her termination given by the LIRR to any prospective employers were false. See, e.g. Cohen, 906 F.Supp. at 966 (finding that a probationary employee who did not challenge the substantial truth of the allegations on which her dismissal was based failed to state a due process violation based upon the deprivation of a liberty interest). Accordingly, any amendment to the complaint to assert a claim for deprivation of a liberty interest without due process of law would be futile.

5

B.  Conspiracy

Plaintiff contends that Barry Kaufman (Kaufman) and Roseanne Neville (Neville), two LIRR employees who allegedly wrote the letter dated December 1, 2000 terminating plaintiff's employment, conspired to deprive her of her due process rights. Plaintiff further contends that Lori Ann Vendetti (Vendetti), an LIRR employee, conspired with Larry Mielke (Mielke), a UTU representative, to terminate her employment.

In order to state a valid claim of conspiracy under 42 U.S.C. § 1983, the plaintiff must allege (1) the existence of a conspiracy; and (2) facts showing the actual deprivation of constitutional rights. See Romer v. Morgenthau, 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000). "A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right." Id.; see also Malsh v. Austin, 901 F.Supp. 757, 763 (S.D.N.Y. 1995)(holding that there can be no conspiracy to violate the plaintiff's constitutional rights where the plaintiff has failed to allege any facts showing a violation of his constitutional rights). Since, as noted above in Part II(A), plaintiff cannot sufficiently allege a violation of her constitutional rights, she cannot sustain a claim of conspiracy to violate those rights. See, e.g. Roesch v. Otarola, 980 F.2d 850, 854-855 (2d Cir. 1992)(dismissing conspiracy claim against the private actors on the ground that since there was no constitutional violation by the state actor, there could be no conspiracy to deprive the plaintiff of his constitutional rights); Romer, 119 F.Supp.2d at 363 (dismissing plaintiff's conspiracy claims under § 1983 because he could not sufficiently allege a violation of his constitutional rights); Woodard v. Johnson, No. 93 CV 3925, 1995 WL 406132, at * 4 (E.D.N.Y. June 23, 1995)(finding no basis for liability on the basis of a conspiracy were there was no underlying constitutional violation). Accordingly, any amendment by plaintiff to assert a

claim for conspiracy against either the LIRR or UTU would be futile.

  C. Tortious Interference

Plaintiff contends that Linda Choser-Pet'Tis (Choser-Pet'Tis), an LIRR employee, tortiously interfered with her career by retaining Investigators Inc. to discover negative material about her. In addition, plaintiff contends that Dr. James Tremorali (Tremorali), physician in-charge at the LIRR, tortiously interfered with her career by ordering surveillance on her in November 2000, failing to contact her personal physician or to view her x-rays, forcing her to remain seated in his waiting room for 4 ½ hours on November 9, 2000 while he reviewed the surveillance video tape, and reporting that she was able to sit comfortably without asking her if she was, in fact, comfortable.

In order to state a claim for tortious interference under New York law, the plaintiff must allege (1) the existence of a valid contract between the plaintiff and a third party; (2) that the defendant had knowledge of the contract; (2) that the defendant intentionally and improperly caused a breach of the contract; and (4) damages resulting therefrom. See TVT Records v. Island Def Jam Music Group, ___ F.3d ___, 2005 WL 1394140, at * 4 (2d Cir. June 14, 2005); Foster v. Churchill, 87 N.Y.2d 744, 749-750, 642 N.Y.S.2d 583, 665 N.E.2d 153 (1996). Moreover, the plaintiff must show that the defendant was not a party to the contract with which he or she allegedly interfered. TVT Records, 2005 WL 1394140, at * 4; Finley v. Giacobbe, 79 F.3d 1285, 1295 (2d Cir. 1996). The parties to a contract include the parties' agents and employees. Farrell v. Hellen, 367 F.Supp.2d 491, 505 (S.D.N.Y. 2005). In the employment context, in order to establish that a co-employee is a "third party" to the employment contract, a plaintiff must

7

demonstrate that the co-employee has exceeded the bounds of his or her authority. Finley, 79 F.3d at 1295; see also Ligaya v. American Friends of Hebrew University, Inc., No. 96 Civ. 240, 1998 WL 146227, at * 9 (S.D.N.Y. Mar. 25, 1998)(accord); Cohen v. Davis, 926 F.Supp. 399, 403 (S.D.N.Y. 1996)(accord).

Although plaintiff, as an at-will employee, had no contractual right to avoid termination, "New York law recognizes that the at will relationship entails certain limited rights, * * *, including the right to maintain an action for tortious interference in certain limited situations." Finley, 79 F.3d at 1295 (citations omitted). When the plaintiff alleges that the defendant interfered with an employment terminable at will, he or she must also establish that the defendant utilized wrongful means, such as fraud, misrepresentations or threats, to effect the termination of employment; committed an independent tortious act against the plaintiff; or acted with malice. See Albert v. Loksen, 239 F.3d 256, 275 (2d Cir. 2001); Daniels v. St. Luke's-Roosevelt Hosp. Center, 02 Civ. 9567, 2003WL 22410623, at * 2 (S.D.N.Y. Oct. 21, 2003); see also Cohen, 926 F.Supp. at 403 (collecting cases).

Plaintiff clearly cannot maintain a tortious interference claim against the LIRR, because it is a party to the alleged employment contract. See, e.g. Albert, 239 F.3d at 274 (finding that the plaintiff could not maintain a claim of tortious interference against the Hospital because it was a party to the alleged employment contract). Moreover, plaintiff fails to allege that Choser-Pet'Tis and Tremorali, both employees of the LIRR, acted outside the scope of their authority, violated a duty owed to her, or used fraud, misrepresentations or threats to effect the termination of her employment. See, e.g. Albert, 239 F.3d at 275-276 (finding that plaintiff's tortious interference claims were properly dismissed against a co-employee where that employee did nothing more

that compile a record on plaintiff's conduct). Plaintiff's conclusory allegations that Choser-Pet'Tis and Tremorali acted with malice, without more, are insufficient to state a viable claim for tortious interference. See, e.g. Ligaya, 1998 WL 146227, at * 9-10 (finding that the plaintiff's conclusory allegations of malice or improper motivation were insufficient to plead a tortious interference claim). Accordingly, any amendment to the complaint to assert the proposed claims for tortious interference would be futile.

III. CONCLUSION

Plaintiff's application to reopen this action is granted for the limited purpose of deciding plaintiff's application for leave to amend the complaint; plaintiff's application for leave to amend the complaint is denied; and the clerk of the Court is directed to again close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July /, 2005
Central Islip, New York

Copies to:

Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 520
Islandia, New York 11748

Shapiro, Beilly, Rosenberg,
Albert & Fox LLP
225 Broadway
New York, New York 10007-3088

Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022

The Long Island Railroad Company
Law Department-Mail Code 1143
Jamaica Station, 4th Floor
Jamaica, New York 11435

Guerrieri, Edmond & Clayman, P.C.
1625 Massachusetts Avenue, N.W., Suite 700
Washington, D.C. 20036-2243